### JOHN McKILVER *vs.* DANL. MANCHESTER.

Immaterial discrepancies between the notice of appeal, served upon the justice of the peace, and the copy thereof, served upon the appellee, in case of appeal from the justice's decision, will not defeat the appeal.

A new trial should not be granted for newly discovered evidence, unless the Court is satisfied the legitimate effect of such evidence would be to change the verdict rendered.    Mere cumulative or corroborative evidence not sufficient.    What the newly discovered evidence is, must be made clearly to appear.

Error to the District Court holding terms at Seattle.

Opinion by JACOBS, Associate Justice.

This action is brought here for review from the Third Judicial District.

A brief statement of the case is as follows:

The action was commenced before a justice of the peace for King county.    A trial was had before said justice of the peace.    Judgment for plaintiff and an appeal taken to the District Court, held in the County of King.

McNaught & McGilvra, attorneys, appeared specially for plaintiff in error, in said District Court, and filed a motion to dismiss the appeal for want of due service of notice of appeal. The motion was overruled, and this is assigned as the first error.

A trial upon the merits was then had, and the verdict and the judgment were for the defendant.

A motion for a new trial on the ground of newly discovered evidence was then made by plaintiff's attorneys, and overruled by the Court. This ruling is assigned as the second error.

There was also a third error alleged, but this Court, having already decided that there was nothing legitimately in the record upon which it could rest, it will not be necessary to discuss it in this opinion.

First, then, the laws of this Terrritory provide that an appeal may be taken from a judgment or decision of a justice of the peace, by filing a notice of appeal with the justice and serving a copy thereof on the adverse party or his attorney. Genl. Laws, page 365, Secs. 138 and 139.

It was the manifest object of the statutory provision to give to the opposite party, in case of an appeal, a clear and distinct notice that an appeal had been taken, and in what actions, and between what parties, and to what Court.

The notice served on McNaught, one of the attorneys of plaintiff, gives all of this statutory information. McNaught could not have mistaken its import. It was clear, unambiguous and distinct, but it is alleged that it is not an exact and literal copy of the notice served on the justice.

This is true, but it requires particular attention and nice discrimination to discover the difference. In everything essential it is a copy. The statute was substantially complied with.

The opposite party was not misled, and no injustice was done. While we believe the better practice is to have one notice an exact copy of the other, yet we are of the opinion that the variance in this case is immaterial, and that there was no error in the decision of the District Court therein. Second, Did the District Court err in overruling the motion for a new

trial? In order to grant a new trial on the ground of newly discovered evidence, it ought to be satisfactorily shown, not that the evidence might possibly produce a different result, but that it would, or ought to do it, if the jury yielded to its legitimate influence. Hence evidence merely cumulative, corroborative or impeaching, as it does not necessarily lead to a change in the result, is not deemed sufficient ground for a new trial.

There is nothing in this record to show the materiality of the testimony stated in the bill of exceptions. We cannot tell its nature, or judge of its legitimate effect.

It may be merely cumulative. We are not informed. We are bound to consider the judgment of the District Court correct until error is shown, and as that is not shown, we can do nothing else than to affirm the judgment of the District Court with costs.